## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>              Plaintiff,<br><br>      v.<br><br>**Xilinx, Inc.,**<br><br>              Defendant. | C.A. No. 20-01231-CFC |

## OPENING BRIEF IN SUPPORT OF DEFENDANT XILINX, INC.'S PARTIAL MOTION TO DISMISS WSOU'S AMENDED COMPLAINT

Dated:  December 7, 2020

OF COUNSEL:

Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601-1692
(312) 269-4003
twritchie@jonesday.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*

# **TABLE OF CONTENTS**

**Page**

I.  NATURE AND STAGE OF THE PROCEEDINGS ....................................1

II.  SUMMARY OF THE ARGUMENT ............................................................2

III.  STATEMENT OF FACTS .........................................................................5

IV.  ARGUMENT.............................................................................................7

    A.  WSOU'S Induced Infringement Claim Should Be Dismissed ............7

        1.  WSOU's FAC Fails To Sufficiently Allege Xilinx's
Knowledge Of The Patent Or Any Specific Intent To
Encourage Infringement, And WSOU Cannot Use Its OC
To Fill These Factual Gaps ......................................................7

        2.  Even If The OC Were To Be Considered, WSOU's
Claim Charts Do Not Plausibly Allege That Xilinx
Specifically Intended To Encourage Anyone To Infringe
The '938 Patent....................................................................12

    B.  WSOU's Contributory Infringement Claim Should Be
Dismissed ......................................................................................14

V.  CONCLUSION .......................................................................................18

# TABLE OF AUTHORITIES

Page

CASES

*Aguirre v. Powerchute Sports, LLC*,
C.A. No. SA-10-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...............................................................................11

*Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*,
C.A. No. 6:12-1380-Orl-22TBS, 2013 WL 12149301 (M.D. Fla. Mar. 29, 2013) ...................................................................10

*Bos. Sci. Corp. v. Nevro Corp.*,
415 F. Supp. 3d 482 (D. Del. 2019) ...............................................12

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012)......................................10–11

*Circuit City Stores v. Citgo Petroleum Corp.*,
C.A. No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ..........................2

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)...............................................................16

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
C.A. No. 6:14-752-JRG-JDL, 2015 WL 12850550 (E.D. Tex. July 15, 2015)...............................................................13, 14

*CyWee Grp. Ltd. v. HTC Corp.*,
312 F. Supp. 3d 974 (W.D. Wash. 2018) .........................................13

*Deere & Co. v. AGCO Corp.*,
C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ...............2, 10

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
C.A. No. 18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) ............12–13

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ...................................................................7, 12

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020).........passim

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  C.A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020)...............10

*Gortat v. Capala Bros.*,
  257 F.R.D. 353 (E.D.N.Y. 2009) .......................................................................2

*Helios Streaming, LLC v. Vudu, Inc.*,
  C.A. No. 19-1792-CFC-SRF, 2020 WL 3167641 (D. Del. June 15,
  2020) .........................................................................................................9, 10

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
  434 F. Supp. 2d 598 (N.D. Iowa 2006) .............................................................2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .......................................................................15

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  C.A. No. 6:17-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex.
  Nov. 28, 2017) ........................................................................................13, 14

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) .........................................................................7

*Nexeon Ltd. v. Eaglepicher Techs., LLC*,
  C.A. No. 15-955-RGA-MPT, 2016 WL 4045474 (D. Del. July 26,
  2016) ...............................................................................................................16

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  C.A. No. 6:14-1017-ORL, 2015 WL 1246500 (M.D. Fla. Mar. 16,
  2015) ...............................................................................................................11

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
   C.A. No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4,
   2016) ...........................................................................................................7

**STATUTES**

35 U.S.C. § 271(c) ...............................................................................14, 16

35 U.S.C. § 284 ...............................................................................................6

**OTHER AUTHORITIES**

FED. R. CIV. P. 12(a)(4)(A)................................................................................2

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Xilinx, Inc. ("Xilinx") files this motion seeking to dismiss the induced and contributory infringement claims in the First Amended Complaint ("FAC") filed by WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") on November 23, 2020.  (D.I. 11.)  In its FAC, as in its Original Complaint filed on September 16, 2020 ("OC") (D.I. 1), WSOU accuses Xilinx of direct and indirect infringement of U.S. Patent No. 7,613,938 ("the '938 Patent").  When WSOU filed its OC, it simultaneously filed five separate lawsuits against Xilinx, with each lawsuit alleging infringement of a single patent.[1]  On November 23, WSOU likewise filed amended complaints in all five lawsuits.

Xilinx requested that WSOU amend its OC to withdraw its indirect infringement claims in view of this Court's recent opinion in *Dynamic Data Technologies., LLC v. Amlogic Holdings Ltd*., C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020).  WSOU refused.  Thus, on November 9, 2020, Xilinx filed a motion to dismiss WSOU's claims for induced and contributory infringement for failure to state a claim upon which relief can be granted.  (D.I. 7.)  Instead of responding to Xilinx's motion directed toward WSOU's OC, however, WSOU filed its FAC on the same day its response would have been due.  (D.I. 11.)

---

[1] In addition to the five cases filed against Xilinx in Delaware, WSOU has 115 patent cases pending against a wide range of defendants, including 110 cases in the Western District of Texas and five cases in the Eastern District of Virginia.

In its FAC, WSOU continues to assert that Xilinx is responsible for induced and contributory infringement "[a]t least since being served by the Original Complaint and corresponding claim charts." (D.I. 11, ¶¶ 15–16.) And in its FAC, WSOU continues to seek to use WSOU's OC to create claims of induced and contributory infringement, contrary to *Amlogic*. Xilinx accordingly files this motion to dismiss the indirect infringement claims in the FAC.[2] Xilinx also moves to dismiss these claims based on independent failures in WSOU's pleading.

## II.   SUMMARY OF THE ARGUMENT

WSOU's claims of induced and contributory infringement fail because WSOU fails to plead sufficient facts to support the required elements of knowledge and intent.

---

[2] Delaware practice is consistent with the majority view that a motion to dismiss that addresses part of a complaint suspends the time for a defendant to answer or otherwise respond to the remaining allegations in the complaint. *See, e.g.*, FED. R. CIV. P. 12(a)(4)(A); *Deere & Co. v. AGCO Corp.*, C.A. No. 18-827-CFC (partial motion to dismiss filed at D.I. 11, answer filed at D.I. 62 after order on motion at D.I. 52); *see also Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) ("[F]iling a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion.") (internal citations omitted); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Circuit City Stores v. Citgo Petroleum Corp.*, C.A. No. 92-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

1.      WSOU's FAC does not support a plausible inference of knowledge of any alleged infringement, or even any knowledge of the existence of the '938 Patent. Indeed, WSOU fails to plead sufficient facts from which to plausibly infer that Xilinx knew: (i) that the '938 Patent existed before this lawsuit; (ii) that any allegedly infringing acts occurred; or (iii) that a third party's acts infringed the '938 Patent.  Nor does WSOU plead sufficient facts to show: (i) the knowledge required for its contributory infringement claim; or (ii) that Xilinx knew of the '938 Patent and knew that a part was especially made for, or adapted for use in, a manner allegedly infringing the patent.

2.      WSOU cannot fill any of these gaps by using the service of its OC to constitute actual knowledge of patent infringement.  As this Court recently held, "such allegations do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge." *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020).  And WSOU cannot now breathe life back into allegations that were dead on arrival in its OC, merely by referring to them again in its FAC.  "'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.'" *Amlogic*, 2020 WL 4365809, at *2 (quoting *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26,

2019)).  To hold otherwise would invite gamesmanship and disserve judicial economy.

3.      As an independent reason for dismissal of WSOU's induced infringement claim, WSOU's mere references to the claim charts that WSOU prepared and attached to its OC would not in any event provide factual support for the induced infringement claims asserted in WSOU's FAC.  Courts require plaintiffs to identify how a claim chart—and the materials referenced within it—evince an intent to induce infringement.  WSOU's claim charts, by contrast, do not include information about induced infringement, Xilinx's alleged intent to induce infringement, or even the word "intent."  Because they do not demonstrate anything—directly or circumstantially—about Xilinx's alleged intent, the Court should dismiss WSOU's induced infringement claim for this reason as well.

4.      Finally, WSOU's claims of contributory infringement independently fail because they do not plead sufficient facts to support the other required elements of that claim.  WSOU fails to plead sufficient facts to show that the accused Xilinx product is a "component" of the alleged invention of the '938 Patent.  The facts that WSOU does plead assert precisely the opposite—that the '938 Patent's alleged invention is instead a part of the accused Xilinx product.  Beyond knowledge of the '938 Patent, which WSOU fails to plead, WSOU did not plead facts sufficient to show that it knew that a "component" was especially made for, or adapted for use

4

in, a manner allegedly infringing the patent.  And WSOU fails to plead facts supporting a plausible inference that the accused Xilinx product is not a staple article or commodity of commerce suitable for substantial noninfringing use.

For all of these reasons, the claims of induced infringement and contributory infringement should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.   STATEMENT OF FACTS

In its FAC, WSOU's allegations regarding knowledge are premised on a single assertion that "[t]he service of the Original Complaint upon Defendant, in conjunction with the attached claim charts and references cited . . . constituted actual knowledge of infringement."  (D.I. 11, ¶ 13.)  This allegation of knowledge, based on WSOU's OC, is WSOU's sole allegation that Xilinx had actual knowledge of induced and contributory infringement.

WSOU does not allege that Xilinx had any knowledge of the '938 Patent or any knowledge of alleged infringement by Xilinx or its customers prior to the filing of this lawsuit.  (*See* D.I. 11, ¶¶ 15–16 ("At least since being served by the Original Complaint and corresponding claim charts, Defendant . . . knowingly. . . .").)

WSOU alleges that "Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '938

Patent" and to "distribute product literature and website materials inducing end

users and others to use its products in the customary and intended manner that

infringes the '938 Patent." (D.I. 11, ¶ 14.) WSOU cites two Xilinx product

manuals as the sole examples of "product literature" causing inducement and

references its claim charts. (*See id.*) With respect to induced infringement, WSOU

also makes the conclusory allegation that Xilinx "sell[s] [the accused products] to

their customers for use in end-user products in a manner that infringes one or more

claims of the '938 Patent." (D.I. 11, ¶ 15.)

      With respect to contributory infringement, WSOU similarly alleges that

Xilinx "sell[s] [the accused products] to their customers for use in end-user

products in a manner that infringes one or more claims of the '938 Patent," that the

accused products are "especially made or adapted for infringing the '938 Patent

and have no substantial non-infringing use," and that those products "contain

functionality which is material to at least one claim of the '938 Patent." (D.I. 11,

¶ 16.) WSOU also generally refers back to its own claim charts. (*See id.*)

      In the FAC's prayer for damages, WSOU modified its request for past

damages to refer to direct infringement. The FAC seeks "damages under 35

U.S.C. § 284 . . . for Defendant's past infringement (with respect to direct

infringement) and any continuing or future infringement," through judgment. (D.I.

11 at 5, ¶ D.)

WSOU's comparison showing its FAC changes in redline can be found at D.I. 11-6.

## IV.   ARGUMENT

### A.   WSOU'S Induced Infringement Claim Should Be Dismissed

#### 1.   WSOU's FAC Fails To Sufficiently Allege Xilinx's Knowledge Of The Patent Or Any Specific Intent To Encourage Infringement, And WSOU Cannot Use Its OC To Fill These Factual Gaps

WSOU's FAC fails to state a claim for induced infringement because it fails to sufficiently allege (1) that Xilinx knew that the '938 Patent existed or that any allegedly infringing acts had occurred, or (2) specific intent to encourage infringement, both of which are required to state this claim. *See Princeton Digital Image Corp. v. Ubisoft Entm't SA*, C.A. No. 13-335-LPS-CJB, 2016 WL 6594076, at *3–4 (D. Del. Nov. 4, 2016). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotation marks, alterations, and citation omitted). "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citation omitted).

Neither WSOU's OC, nor its new FAC, pleads facts to show that Xilinx knew of the '938 Patent before this lawsuit, or specifically intended to encourage anyone to infringe the patent. Lacking plausible allegations of patent knowledge on Xilinx's part, WSOU instead alleged in its OC that service of the complaint itself constituted "actual knowledge of" the infringement alleged in the complaint. (D.I. 1 ¶13.) In its motion to dismiss WSOU's OC, Xilinx explained why that allegation was deficient: this Court recently ruled that "such allegations do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge." *Amlogic*, 2020 WL 4365809, at *2.

WSOU then filed its FAC, again failing to allege sufficient facts to support knowledge and specific intent for its induced infringement claim against Xilinx. Instead, in its FAC, WSOU referred to *its own OC*, filed a couple of months earlier in this same case, as its sole allegation of knowledge. But this Court has repeatedly explained that a plaintiff cannot use its own complaint to create a cause of action for induced infringement. "'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.'" *Id.* (quoting *VLSI*, 2019 WL 1349468, at *2). As this Court plainly stated, "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement." *Id.* (citations omitted).

8

WSOU's OC thus could not create a claim for induced infringement.  Nor could WSOU's FAC create such a claim by referring to the OC.  To hold otherwise would invite gamesmanship: a plaintiff could file a complaint alleging knowledge of patents via the filing of its complaint.  And then it could file an amended complaint, with identical allegations, one day later.  The first complaint would be insufficient, as it would not allege pre-complaint knowledge of the patents.  But the second complaint would be sufficient, because the first complaint, filed the day before, would be the source of the defendant's knowledge.  This Court need not countenance such sharp tactics and nonsensical results.  And indeed, this Court has already warned against tactics like these in *Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020).  In *Helios*, after adopting Judge Fallon's report and recommendation to dismiss a plaintiff's indirect infringement claims because the defendant's only source of knowledge of the asserted patents was the original complaint, the Court cautioned the plaintiffs against filing an amended complaint:

> Because the purpose of a complaint is to obtain relief from an existing claim and not to create a claim, Plaintiffs should not assume that if they accept the Magistrate Judge's invitation to "to file an amended pleading alleging post-suit inducement based on knowledge derived from the filing of the original complaint[,]" I will deny a motion by defendants to dismiss that amended pleading.

2020 WL 3167641, at *2 n.1 (internal citation omitted).[3]

A contrary rule would encourage a plaintiff—knowing that it had no basis to show pre-suit knowledge of the patent—to file an original complaint with allegations of indirect infringement that could never survive a motion to dismiss, merely to bootstrap the plaintiff's later filing of an amended complaint. That would needlessly consume judicial resources. It would also discourage, rather than reward, pre-suit efforts to resolve patent disputes.

Other courts agree that indirect infringement requires pre-suit knowledge. *See, e.g.*, *Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*, C.A. No. 6:12-1380-Orl-22TBS, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013) (holding that "pre-suit knowledge of the existence of the relevant patent and its infringement must be alleged in a complaint for indirect infringement"); *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267 (M.D. Fla. 2012) (citing *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del.

---

[3] *Helios*, *VSLI*, and *Amlogic*, as well as *Dynamic Data Technologies, LLC v. Brightcove Inc.*, C.A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) (also dismissing indirect infringement claims where the accused infringers' alleged knowledge was based on the filing of the complaint), were all decided after *Deere & Co. v. AGCO Corp.*, C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019). Because the defendants in *Deere* challenged the allegations of pre-suit patent knowledge only, that decision did not address the inherent dangers of gamesmanship and manipulation when a plaintiff props up an amended complaint's induced infringement claims with allegations of knowledge derived solely from the original complaint.

2010)) (pleading knowledge for indirect infringement "requires the plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit."); *Aguirre v. Powerchute Sports, LLC*, C.A. No. SA-10-CV-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (agreeing that post-suit knowledge "is insufficient to plead the requisite knowledge for indirect infringement").  And a Florida district court has rejected precisely what WSOU attempts here: filing an amended complaint that points back to an original complaint to claim that the defendant had the requisite knowledge for indirect infringement.  *See Orlando Commc'ns LLC v. LG Elecs., Inc.*, C.A. No. 6:14-cv-1017-ORL, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) (citations omitted) ("If, as Plaintiff suggests, failure to allege pre-suit knowledge could be cured merely by filing another complaint (without alleging new facts), then the knowledge requirement would be superfluous.").

WSOU's induced infringement claim should be dismissed because its FAC does not plead sufficient facts to plausibly infer that Xilinx knew of the '938 Patent and of its infringement, nor that Xilinx possessed a specific intent to encourage infringement of the '938 Patent.  And WSOU cannot look to its OC to supply these missing facts.

**2.**   **Even If The OC Were To Be Considered, WSOU's Claim Charts Do Not Plausibly Allege That Xilinx Specifically Intended To Encourage Anyone To Infringe The '938 Patent**

WSOU's claim for induced infringement fails for the independent reason that WSOU's claim charts, which reference Xilinx's product manual, do not raise a plausible inference that Xilinx specifically intended another party to infringe the '938 Patent and knew that the other party's acts constituted infringement.

WSOU's FAC fails to allege facts supporting a plausible inference of specific intent because it erroneously relies on generic claim charts. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). In other words, induced infringement claims require proof of specific intent. WSOU must plead facts, rather than conclusory allegations, to prove specific intent. *See Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 491 (D. Del. 2019).

To prove specific intent, plaintiffs sometimes point to technical documents suggesting that the existence of those documents demonstrates an intent to induce infringement. Courts, however, routinely reject citing the mere existence of technical documents to establish specific intent. Instead, courts require that a plaintiff demonstrate *how* a document is used to encourage infringement. *See, e.g.*, *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, C.A. No. 18-098-MN,

12

2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) ("Although Plaintiff cites

Defendants' website as support for its allegation, it does so generically and does

not identify any particular statement or material that plausibly suggests Defendants

intend to induce infringement of the Patents-in-Suit."); *Core Wireless Licensing*

*S.A.R.L. v. Apple Inc.*, C.A. No. 6:14-752-JRG-JDL, 2015 WL 12850550, at *4

(E.D. Tex. July 15, 2015) ("In other words, generic allegations that an alleged

infringer provides instructional materials along with the accused products, without

more, are insufficient to create a reasonable inference of specific intent for the

purposes of an induced infringement claim.").

     Courts also reject citation to the mere existence of claim charts to plead

specific intent.  Instead, courts require plaintiffs to identify *how* a claim chart—and

the materials referenced within it—evince an intent to induce infringement.  *See*:

- *Iron Oak Techs., LLC v. Acer Am. Corp.*, C.A. No. 6:17-00143-RP-JCM, 2017 WL 9477677, at *5 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of induced infringement claim where plaintiff relied on claim chart for specific intent but did not "include any information in its claims chart about induced infringement, [Defendant's] intent to induce infringement, or even use the word 'intent' in the entire attachment");

- *CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 981 (W.D. Wash. 2018) (dismissing amended complaint where claim charts did "not demonstrate anything—directly or circumstantially—about [Defendant's] intent").

     Here, WSOU alleges that because it served Xilinx with claim charts along

with its complaint, Xilinx "therefore actively, knowingly, and intentionally has

been and continues to induce infringement of the '938 Patent." (D.I. 11, ¶ 15)
WSOU misses the mark. Rather than pleading facts to show *how* its claim charts
demonstrate intent, WSOU only points to its claim charts—which are comprised of
unproven allegations—as if their mere existence were sufficient. Yet reference to
claim charts or other technical documents without more does not support a
plausible inference of specific intent. *See, e.g.*, *Core Wireless Licensing*, 2015 WL
12850550, at *4; *Iron Oak*, 2017 WL 9477677, at *5. Here, as in *Iron Oak*,
WSOU's claim charts do not include any information about induced infringement,
Xilinx's alleged intent to induce infringement, or even the word "intent." *See Iron
Oak*, 2017 WL 9477677, at *5. Because WSOU's claim charts do not demonstrate
anything—directly or circumstantially—about Xilinx's alleged intent, the Court
should dismiss WSOU's induced infringement claim.

**B. WSOU's Contributory Infringement Claim Should Be Dismissed**

WSOU's FAC also fails to state a plausible claim for contributory
infringement. Under 35 U.S.C. § 271(c):

> Whoever offers to sell or sells within the United States or imports into
> the United States *a component* of a patented machine, manufacture,
> combination or composition, or a material or apparatus for use in
> practicing a patented process, constituting a material part of the
> invention, *knowing the same to be especially made or especially
> adapted for use in an infringement of such patent*, and *not a staple
> article or commodity of commerce suitable for substantial
> noninfringing use*, shall be liable as a contributory infringer.

14

(emphasis added).  To state a claim under § 271(c), WSOU must plead each of these required elements.  More importantly, when pleading each element, WSOU must plead sufficient facts for a court to plausibly infer that each element is met and, as a result, Xilinx has contributed to another's infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).  WSOU fails do to so in multiple respects.

*First*, WSOU fails to plead facts sufficient to show that the accused Xilinx product is a "component" of the alleged invention of the '938 Patent.  The facts that WSOU does plead assert precisely the opposite—that the '938 Patent's alleged invention is instead a part of the accused Xilinx product.  In other words, WSOU alleges that the accused Xilinx product, standing alone and "as is," infringes the '938 Patent.

Specifically, in its Exhibit 2 claim chart of its FAC, WSOU identifies the accused instrumentality as the "Zync-Ultra scale+ with RFSoC ZCU216" evaluation kit.[4]  WSOU's claim chart then alleges that every limitation of claim 13 is met by this accused Xilinx product.  WSOU's claim chart also cites only three Xilinx documents when alleging that the Xilinx product infringes the '938 Patent.  (*See* D.I. 11, Ex. 2 and Exs. A–C.)  Further, WSOU's extremely brief, largely

---

[4] WSOU also purports to accuse other "Zync-Ultra scale+ Devices," but does not provide any claim chart for devices other than the Zync-Ultra scale+ with RFSoC ZCU216.  (*See* Ex. 2 to FAC.)

boilerplate contributory infringement allegation never asserts that the accused Xilinx product is a component—much less what it is a component of or any supporting facts.  (*See* D.I. 11, ¶ 16.)  In the end, WSOU's allegation is that Xilinx's accused Zync-Ultra scale+ Device **is the '938 Patent's invention**—not that it is merely a component of the invention—and that Xilinx's Zync-Ultra scale+ Device itself infringes apparatus claim 13 of the '938 Patent.  *See* 35 U.S.C. § 271(c) ("Whoever offers to sell or sells within the United States or imports into the United States *a component* of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, *constituting a material part of the invention* . . . .") (emphasis added).

*Second*, WSOU's contributory infringement claim should be dismissed because the FAC fails to sufficiently allege that Xilinx: (1) knew of the '938 Patent, or (2) knew that the part was especially made for, or adapted for use in, a manner allegedly infringing the patent, both of which must be well-pleaded to state this claim.  *Nexeon Ltd. v. Eaglepicher Techs., LLC*, C.A. No. 15-955-RGA-MPT, 2016 WL 4045474, at *4 (D. Del. July 26, 2016).

"Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).  Here, there are no factual

allegations that Xilinx "knew of the patented invention." *Nexeon*, 2016 WL 4045474, at *4.

WSOU also fails to allege facts plausibly supporting an inference that Xilinx "knew the part was made for, or adapted to use, in a patented invention." *Id.*, at *7. And, as explained above, WSOU cannot, in its FAC, plead its own OC as the source of any of this missing knowledge. "[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge." *Amlogic*, 2020 WL 4365809 at *2.

*Third*, WSOU's single-paragraph, boilerplate contributory infringement claim fails to plead other essential § 271(c) elements. Although WSOU makes the conclusory allegation that the accused products "have no substantial non-infringing use," WSOU fails to plead any facts purporting to show a plausible inference that this requirement is met. (D.I. 11, ¶ 16.) Xilinx's voluminous 1,193-pages of technical documentation discuss hundreds of other features, none of which are accused of infringement. (*See* D.I.11, Exs. A–C.) Given these many other substantial non-infringing uses and features of the accused Xilinx product, WSOU's inability to plead this element is unsurprising.

For all of these reasons, WSOU fails to plead a plausible claim that Xilinx is liable for contributory infringement. WSOU's contributory infringement claim should accordingly be dismissed.

17

## V.    CONCLUSION

Because WSOU fails to plead facts suggesting that Xilinx had any

knowledge of WSOU's patent or of its alleged infringement, Xilinx fails to state a

claim for induced infringement.  The induced infringement claim also fails because

WSOU's claim charts do not plausibly establish Xilinx's specific intent to induce

its customers to infringe the '938 Patent.  The failure to plead pre-suit knowledge

is also fatal to the contributory infringement claim.  The contributory infringement

claim is also deficient in other respects, including WSOU's failure to plead

sufficiently that the accused product is a component in the '938 Patent, or lacks a

substantial noninfringing use.  Xilinx therefore requests that the Court dismiss

WSOU's indirect infringement claims.

Dated:  December 7, 2020

OF COUNSEL:

Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601-1692
(312) 269-4003
twritchie@jonesday.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Anne Shea Gaza, hereby certify that on December 7, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James M. Lennon, Esquire
> Devlin Law Firm LLC
> 1526 Gilpin Avenue
> Wilmington, DE 19806
> *jlennon@devlinlawfirm.com*
>
> *Attorneys for Plaintiff*

I further certify that on December 7, 2020, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and on the following:

> Isaac Rabicoff, Esquire
> Rabicoff Law Firm LLC
> 5680 King Centre Drive, Suite 645
> Alexandria, VA 22315
> *isaac@rabilaw.com*
>
> *Attorneys for Plaintiff*

Dated: December 7, 2020

OF COUNSEL:

Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601-1692
(312) 269-4003
twritchie@jonesday.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*

2