# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,** | C.A. No. 1:20-cv-01231-CFC |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Xilinx, Inc.,** | |
| Defendant. | |

### WSOU'S OPPOSITION TO XILINX'S MOTION TO DISMISS

Dated:  December 21, 2020

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 440-9010
jlennon@devlinlawfirm.com

Isaac Rabicoff
(*pro hac vice* application to be filed)
**Rabicoff Law LLC**
73 W. Monroe St.
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a Brazos*
*Licensing and Development*

# TABLE OF CONTENTS

1. NATURE OF THE PROCEEDINGS AND FACTUAL BACKGROUND ..........................1

2. SUMMARY OF THE ARGUMENT ...............................................................................1

3. LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS ................................................2

4. WSOU ADEQUATELY PLED INDUCED INFRINGEMENT......................................2

4.1   Xilinx's conduct since the start of litigation, as alleged, constitutes actual knowledge and specific intent to encourage infringement. .............................2

4.2   The Original Complaint and Claim Chart clearly informed Xilinx of how its user guide induces infringement—none of Xilinx's authorities suggest discarding this evidence. ..................................................................................4

5. WSOU ADEQUATELY PLED CONTRIBUTORY INFRINGEMENT ............................6

6. CONCLUSION.................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ....................................................................................2

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ....................................................................................2

*Helios Streaming, LLC v. Vudu, Inc.*,
　C.A. No. 19-1792-CFC-SRF, D.I. 32 ..........................................................5

*Välinge Innovation AB v. Halstead New England Corp.*,
　2018 U.S. Dist. LEXIS 88696 .....................................................................5

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
　2020 U.S. Dist. LEXIS 173019 ...................................................................5

**Statutes**

35 U.S.C. § 271(b) ...........................................................................................5

1.  **NATURE OF THE PROCEEDINGS AND FACTUAL BACKGROUND**

WSOU filed this action on September 16, 2020 ("Original Complaint", and corresponding "Claim Chart"). Nearly two months later, Xilinx moved to dismiss the indirect (but not direct) infringement counts in the Original Complaint. WSOU amended pleadings in response ("Amended Complaint"), providing additional factual allegations of Xilinx's conduct since the start of litigation that demonstrates both actual knowledge of its infringement and the specific intent to induce and contribute to infringement of the Asserted Patent.

Xilinx then filed, on December 7, a nearly identical motion to dismiss against the Amended Complaint. WSOU now responds in opposition.

2.  **SUMMARY OF THE ARGUMENT**

When evaluating Xilinx's Motion, this Court should consider these key points:

- Xilinx's conduct since the start of litigation, as alleged, constitutes actual knowledge and specific intent to encourage infringement;

- The Original Complaint and Claim Chart clearly informed Xilinx of how its user guide induces infringement—none of Xilinx's authorities suggest discarding this evidence; and

- With detailed factual allegations, WSOU also adequately pled contributory infringement.

Xilinx's Motion should be denied.

## 3. LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS

A motion to dismiss can succeed only when a complaint fails to state a plausible claim for relief, even where all well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And the Supreme Court instructs that this plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct. *Twombly*, 550 U.S. at 556.

## 4. WSOU ADEQUATELY PLED INDUCED INFRINGEMENT

### 4.1 Xilinx's conduct since the start of litigation, as alleged, constitutes actual knowledge and specific intent to encourage infringement.

WSOU served Xilinx with claim charts replete with references to Xilinx's own user guide to demonstrate how

- The Accused Product infringes the Asserted Claims, including extensive corresponding specification support; and

- Infringement inevitably follows from users following the instructions of the user guide in operating the Accused Product.

*See* Claim Chart (claim chart with corresponding attached reference material, including user guide); *see also* Amended Complaint, ¶ 13 (alleging that service of the Original Complaint, Claim Chart, and reference documents "undoubtedly informed Defendant as to how" the Accused Product infringed the Asserted Claims).

Being fully aware of its infringing conduct and the foreseeable effect of users following Xilinx's user guide—*more* infringement by its users—Xilinx refused to take corrective action and continued to sell, market, and instruct its users to infringe. Amended Complaint, ¶¶ 14-16.  Xilinx made a culpability choice here: continue profit-making sales of an infringing product and, fully aware of the accusations, engage counsel to defend against them before this Court.

Yet Xilinx feigns ignorance—not only of WSOU's infringement allegations, but of the *existence* of the Asserted Patent itself *even after* engaging counsel to defend against that very accusation of infringement over the Asserted Patent.  *See* Motion, 8.

To show specific intent, WSOU also goes far beyond "sometimes point[ing] to technical documents suggesting that **the existence of those documents demonstrates an intent to induce infringement**."  Motion, 12 (emphasis added). This contention fails for two reasons.  First, rather than pointing to "technical documents" (i.e. documents designed for experts in the field) in the Claim Chart,

— 3 —

WSOU demonstrated how Xilinx's own *user guide* directs *users* to infringe the Asserted Claims. The Claim Chart provides over *ten* such citations the user guide throughout. *See generally*, Claim Chart.

Nor does WSOU rely solely upon the Claim Chart to *implicitly* suggest Xilinx's inducement of its users' infringement. As explained above, the amended pleadings allege concrete facts demonstrating Xilinx's specific intent to induce infringement. *See* Amended Complaint, ¶¶ 13-16. WSOU accurately accuses Xilinx of continuing to distribute the infringement-causing user guide and explains how the attached Claim Chart "extensively referenc[es] these materials to demonstrate how they direct end users to commit patent infringement." Amended Complaint, ¶ 14.

### 4.2 The Original Complaint and Claim Chart clearly informed Xilinx of how its user guide induces infringement—none of Xilinx's authorities suggest discarding this evidence.

The below Report and Recommendation by Magistrate Judge Burke strongly suggests that this Court has no such custom of disregarding the factual allegations of initial pleadings as potentially giving notice of infringement:

> "As the Court concluded in Välinge (and for similar reasons set out above regarding Plaintiffs' indirect infringement claims as to this patent), if the original Complaint gave Defendant notice of the patent and notice of its infringement, the Court does not see why an amended complaint cannot plausibly allege that since the filing of that original Complaint, Defendant has been willfully infringing the patent by continuing to market and sell its allegedly infringing products."

— 4 —

*ZapFraud, Inc. v. Barracuda Networks, Inc.*, 2020 U.S. Dist. LEXIS 173019, slip op at 2, citing *Välinge Innovation AB v. Halstead New England Corp.,* 2018 U.S. Dist. LEXIS 88696, 2018 WL 2411218, at *11 & n.15.

Nor do any of Xilinx's authorities suggest that factual allegations from pleadings must be ignored in this situation. For example, in *Helios* the Court found that the original complaint "failed to allege the requisite knowledge for an induced infringement claim" and that the mere *filing* of the original complaint itself does not establish a valid claim for inducement. *Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, D.I. 32, pp. 3-4. The Court's warning to plaintiff over amending pleadings to allege post-suit inducement sprung from the lack of detail in the original complaint over *how* inducement may come about. *Id.*, p. 4, n.1. Xilinx then cites a handful of authorities from outside this District, none of which suggests a hard rule that an original complaint—containing detailed allegations of how a user guide induces users to infringe—*never* establishes a claim for post-suit inducement.

To accept Xilinx's proposed rule would (i) involve arbitrarily tossing post-suit evidence of induced infringement; and (ii) radically limiting the scope of § 271(b) inducement—in a manner that lacks support in the statute's text or relevant caselaw. *See* 35 U.S.C. § 271(b) (making no distinction over pre-suit versus post-suit evidence: "Whoever actively induces infringement of a patent shall be liable as

— 5 —

an infringer."). The Court should instead recognize the extensive factual allegations from the Original Complaint and Claim Chart that demonstrated *how* Xilinx's user guide induced user infringement. This evidence deserves consideration on the merits.

**5.     WSOU ADEQUATELY PLED CONTRIBUTORY INFRINGEMENT**

Xilinx also contributes to infringement of the Asserted Claims, as alleged in the Amended Complaint, because

- The Accused Product is "especially made or adapted for infringing the '653 Patent and have no substantial non-infringing use. See Exhibit 2 (demonstrating how end-user use of the Exemplary Defendant Products inevitably leads to infringement)", ¶ 16;

- Xilinx sold this Product "to their customers for use in end-user products in a manner that infringes", *id.*;

- Xilinx did so with actual knowledge and specific intent—since being served by the Original Complaint—that these activities contributed to their customer's infringement, *id.*; and

- The Claim Chart itself shows how the Accused Product can act as a component that contributes to infringement of the asserted *method* claim, *see generally*, Claim chart.

Xilinx appears to suggest that WSOU may not argue in the alternative (or in combination)—that the Accused Product—in its entirety—infringes the Asserted Claims and that the same product can *also* be used as a component that—in the hands of Xilinx's users—contributes to infringement. Yet Xilinx provides no authorities to support this odd position and—again—suggests that WSOU pleads only conclusory assertions to support its claims. Xilinx does so only by ignoring

— 6 —

WSOU's detailed factual pleadings of Xilinx's contribution to infringement recounted in the bullet points above.

The Court should construe these non-conclusory pleadings favorably for the plaintiff, WSOU, and allow further development of the factual record through discovery over Xilinx's infringement-causing practices and communications with its customers, rather than prematurely dismissing these claims.

### 6. CONCLUSION

WSOU therefore requests that this Court deny Xilinx's Motion to Dismiss.

Dated:  December 21, 2020              Respectfully submitted,

**DEVLIN LAW FIRM LLC**

*/s/ James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 440-9010
jlennon@devlinlawfirm.com

Isaac Rabicoff
(*pro hac vice* application to be filed)
**Rabicoff Law LLC**
73 W. Monroe St.
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a Brazos*
*Licensing and Development*

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that Plaintiff's Opposition Brief to Xilinx's Motion to Dismiss Brief contains 1383 words, which were counted by James M. Lennon by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The foregoing word count does not include the cover page, tables of contents or authorities, or the counsel blocks.

Dated: December 21, 2020           */s/ James M. Lennon*
                                   James M. Lennon (No. 4705)


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on December 21, 2020, via the Court's CM/ECF system.

                                   */s/ James M. Lennon*
                                   James M. Lennon (No. 4570)